UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUSTIN L. WELDON,<br><br>  Plaintiff,<br><br>  v.<br><br>RON NEAL, et al.,<br><br>  Defendants. | CAUSE NO. 3:24-CV-136-PPS-JEM |

OPINION AND ORDER

Dustin Weldon, a prisoner without a lawyer, is proceeding in this case on two claims. First, there are the set of claims against Officer Kevin Cross, Lieutenant Nadine Smith-Robinson, Officer Darnell Crockett, Sergeant Jeniene Walton, Lieutenant Dennis Koen, Jacqueline Mayes, and Dr. Christina Chico "in their personal capacity for money damages for denying him medical care for injuries he suffered in a January 2023 fire in violation of the Eighth Amendment." Second, there are the claims against Commissioner Christina Reagle, Warden Ron Neal, Assistant Warden Dawn Buss, Major Douglas Wardlow, Safety Hazard Manager Deborah Taylor, and Supervisor of Fire Training Gordon Beecher "in their personal capacity for monetary damages for deliberate indifference to the risk of harm posed by a fire that occurred in January 2023 in violation of the Eighth Amendment[.]" ECF 10 at 11-12.

All of the defendants except Dr. Chico filed a motion for summary judgment, arguing Weldon did not exhaust his available administrative remedies before filing this lawsuit. ECF 48. I'll refer to this group of defendants as "the State Defendants." Dr.

Chico filed a separate motion for summary judgment, also arguing Weldon did not exhaust his administrative remedies before filing this lawsuit. ECF 52. Weldon filed a response to the summary judgment motions. ECF 64. Neither defendant has filed a reply, and the time for doing so has expired. Both summary judgment motions are now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also*

2

*Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

The defendants provide Weldon's grievance records and an affidavit from the prison's Grievance Specialist, which show the following facts: During all relevant times, an Offender Grievance Process was in place which was available to Weldon in the law library and via his tablet. ECF 48-1 at 2-3. Pursuant to the Offender Grievance Process, Weldon needed to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 48-2 at 3. Weldon's grievance records show the grievance office never received any grievance from Weldon related to the January 14 fire. ECF 48-1 at 9.

In his response, Weldon argues his administrative remedies were unavailable because he submitted multiple relevant grievances (he estimates 35-45) which "seem[s] to be missing in action." ECF 64 at 1. Specifically, Weldon testified at his deposition to the following facts regarding a grievance filed a few days after the fire: (1) around January 17, 2023, Weldon placed a grievance in his cell door bars for pick-up; (2) the grievance was picked up by a member of correctional staff, but Weldon does not recall who took the grievance; (3) Weldon never received any receipt or response to his grievance from the grievance office; (4) Weldon never submitted any written notice to the Grievance Specialist regarding the lack of receipt or response to his grievance; and (5) Weldon never submitted a second or subsequent grievance related to the January 14 fire. ECF 48-4 at 19-25. In his response memorandum, although Weldon claims he submitted multiple grievances, he never asserts that he submitted any written notice to the Grievance Specialist regarding the lack of responses. ECF 64.

The defendants argue that, accepting as true that Weldon submitted a relevant grievance and never received any receipt or response from the grievance office, Weldon nevertheless had available administrative remedies he did not exhaust before filing this lawsuit because he concedes he did not comply with the Offender Grievance Process' "notice requirement." ECF 49 at 7-8. Specifically, the Offender Grievance Process provides that once an inmate submits a grievance, the Grievance Specialist has ten (10) business days to screen the grievance and either accept and record it, or reject it. ECF 48-2 at 9-10. If an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of

4

submitting it," the Offender Grievance Process imposes a "notice requirement" on the inmate by which the inmate must "notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id*. at 9.

Here, it is well established that the "notice requirement" of the Offender Grievance Process is a necessary step to exhaust a grievance. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to the defendant because the inmate did not notify the Grievance Specialist after not receiving a response to his grievance); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (same). Because Weldon concedes he did not comply with the notice requirement, and does not argue or provide any evidence he was prevented from doing so, the undisputed facts show Weldon had available administrative remedies he did not exhaust before filing this lawsuit. [1]

---

[1] Weldon asserted in his complaint that the grievance he submitted related to the January 14 fire was an "emergency grievance." ECF 9 at 18. At his deposition, Weldon couldn't recall whether or not the grievance he submitted was labeled as an emergency grievance, and he makes no mention of an emergency grievance in his summary judgment response. ECF 48-4 at 31. Regardless, even assuming the grievance Weldon submitted on January 17 was labeled as an emergency grievance, this does not change the outcome of this case because the "notice requirement" applies to emergency grievances in the same manner as it applies to normal grievances. *See Ridley v. Neal*, No. 3:24-cv-32-PPS-JEM, 2024 WL 1331963, (N.D. Ind. Mar. 27, 2024).

5

Accordingly, the defendants have met their burden to show Weldon did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motions for summary judgment (ECF 48; ECF 52); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Dustin L. Weldon and to close this case.

SO ORDERED.

ENTERED:  May 2, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT